Case 1:24-cv-00009-SB   Document 22   Filed 03/27/25   Page 1 of 4 PageID #: 319

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

SANDRA MAGGI, individually and on behalf of all others similarly situated,

    *Plaintiff*,

  v.

INTERNATIONAL TRAVEL NETWORK, LLC

    *Defendant.*

No. 1:24-cv-00009-SB

---

Robert J. Kriner, Jr., Scott M. Tucker, CHIMICLES SCHWARTZ KRINER & DONALDSON-SMITH LLP, Wilmington, Delaware; Nicholas F. Wasdin, DWOSKIN WASDIN, LLP, Chicago, Illinois.

*Counsel for Plaintiff.*

David E. Wilks, WILKS LAW, LLC, Wilmington, Delaware; Jesse T. Conan, Jordan E. Stern, BECKER, GLYNN, MUFFLY, CHASSIN & HOSINKI LLP, New York, New York.

*Counsel for Defendant.*

---

**MEMORANDUM OPINION**

March 27, 2025

---

BIBAS, *Circuit Judge*, sitting by designation.

    Arbitration agreements can keep disputes out of federal court—but only if they are valid. International Travel Network moves to dismiss Sandra Maggi's claims

against it, arguing that Maggi agreed to International Travel's arbitration terms when she bought plane tickets and accompanying travel-care services from the company. Because Maggi's complaint does not mention this arbitration agreement, I must deny the motion to dismiss or stay and grant limited discovery on the existence of the alleged arbitration agreement.

### I. INTERNATIONAL TRAVEL DID NOT GIVE MAGGI A REFUND FOR HER HUSBAND'S PLANE TICKET, SO SHE SUED

Sandra Maggi bought plane tickets for herself and her husband from International Travel Network. Compl. D.I. 1, ¶ 6. She also bought the travel agency's travel-care service agreement, a form of trip protection. *Id.* ¶¶ 5, 7.

Maggi had to cancel the trip because her husband unexpectedly needed heart surgery. *Id.* ¶ 8. She asked International Travel for partial refunds of both his plane ticket and hers, based on the travel-care service agreement. *Id.* ¶ 9. International Travel agreed to refund part of his ticket but not hers. *Id.* ¶ 10.

So Maggi sued International Travel for breach of contract, unjust enrichment, and violation of New York General Business Law §§ 349 and 350. *Id.* ¶ 13. She also tries to represent three proposed classes. *Id.* ¶ 101.

International Travel moved to dismiss or to stay under 9 U.S.C. § 3, arguing that Maggi is bound by an arbitration agreement. D.I. 14 at 21–22. The arbitration agreement allegedly also prevents Maggi from bringing a class action. *Id.* at 26–27.

## II. I DENY THE MOTION TO DISMISS AND GRANT LIMITED DISCOVERY ON ARBITRABILITY

Although International Travel calls its motion a "Motion to Dismiss," the motion's substance is a motion to compel arbitration. *Id.* at 1, 8–9, 28–29. So I treat it as one. *See Henry ex rel. BSC Ventures Holdings, Inc. Emp. Stock Ownership Plan v. Wilmington Tr. NA*, 72 F.4th 499, 505 (3d Cir. 2023). On a motion to compel arbitration, I must "consider (1) whether there is a valid agreement to arbitrate between the parties, and if so, (2) whether the merits-based dispute in question falls within the scope of that valid agreement." *Sapp v. Indus. Action Servs., LLC*, 75 F.4th 205, 212 (3d Cir. 2023) (internal quotation marks omitted). If "arbitrability [is] not … apparent on the face of the complaint, the motion to compel arbitration must be denied pending further development of the factual record." *Guidotti v. Legal Helpers Debt Resol., L.L.C.*, 716 F.3d 764, 774 (3d Cir. 2013).

Here, the complaint does not mention the alleged arbitration agreement, nor does it have "supporting documents" that incorporate the agreement. *Id.* at 776. Maggi asserts that she bought the travel assistance over the phone. Compl. ¶ 58. She also attached the travel-care service agreement to her complaint, but it does not contain an arbitration agreement. D.I. 1-1 at 1–2.

International Travel says Maggi accepted an arbitration agreement by accepting its website's general terms. In support, it lays out its default online purchase process. It claims that a buyer clicks through multiple purchase screens: She first selects tickets, then has the option to add travel-care service, then must click a box confirming that she agrees to the general website terms (provided by hyperlink), then pays to

3

complete the purchase. D.I. 15 at ¶¶ 5, 8. Thus, if Maggi checked out on the website, she must have agreed to the terms. International Travel acknowledges that Maggi used one of its travel agents to start her transaction but says Maggi could have completed the final purchase only through the website. *Id.* ¶ 3. In support of this claim, International Travel provides a screenshot of a partially completed website ticket purchase that an agent started on Maggi's behalf. D.I. 14-2 at 9. But the complaint does not contain any of these materials, rely on them, or incorporate them by reference, so I may not rely on them yet. Fed. R. Civ. P. 12(d).

Because it is not clear from the face of the complaint or its supporting documents that the parties entered into a valid arbitration agreement, I must allow limited discovery on that question. *Guidotti*, 716 F.3d at 776. Following discovery, I must "entertain[] [International Travel's] motion under a summary judgment standard." *Id.* at 780. If "a genuine dispute of material fact remain[s]" after limited discovery on the existence of an arbitration agreement, I will then have to send this issue to a jury. *Id.* I cannot consider any of the parties' arguments about the scope of the alleged arbitration agreement at this stage of the litigation.